# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MICHAEL BELCHER,

     Plaintiff,                          Case No.

v.                                  Hon.

COMMERCIAL EXCHANGE, INC.,

     Defendant.

---

Noah S. Hurwitz (P74063)
Grant M. Vlahopoulos (85633)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
617 Detroit St. Ste 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com
grant@hurwitzlaw.com

---

There is no other pending or resolved civil action arising out
of this transaction or occurrence alleged in the complaint.

## COMPLAINT AND JURY DEMAND

Plaintiff Michael Belcher ("Plaintiff"), by and through his attorneys,

HURWITZ LAW PLLC, hereby alleges as follows:

**INTRODUCTION**

1.     This is an action for money damages, liquidated damages, costs, attorneys' fees, and other relief against Defendant Commercial Exchange, Inc., ("Defendant") due to its implementation of policies and practices that prevented Plaintiff from being compensated overtime hours despite working in excess of 40 hours a week in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.  Plaintiff's claims arise out of Defendant's misclassification as an employee that is exempt from overtime compensation in contravention of the FLSA. Moreover, Plaintiff is required to remain on Defendant's premises, or so close to the premises that he cannot use his time effectively for his own purposes, and must be compensated for unpaid wages, on-call compensable hours, overtime, and vacation time.

**JURISDICTION AND PARTIES**

2.     Plaintiff Michael Belcher is an individual residing in Jackson, Michigan, which is located in Jackson County.

3.     Defendant Commercial Exchange, Inc. is a domestic profit corporation with its principal place of business in Jackson, Michigan, which is located in Jackson County.

4.     This Court has general federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff is bringing claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

5.     Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391, as it is the district where the events giving rise to Plaintiff's claims took place and where Defendant regularly conducts business.

6.     The facts and unlawful employment practices within the meaning of the FLSA giving rise to this Complaint occurred within the Eastern District of Michigan.

## FACTUAL ALLEGATIONS

7.     Plaintiff incorporates by reference the foregoing paragraphs and allegations as though fully stated herein.

8.     Defendant is a corporation that owns and operates 1.4 million square feet of office, coworking, industrial manufacturing and secure warehousing space in South-Central Michigan.

9.     At all times relevant to this Complaint, Defendant was Plaintiff's employer.

10.     Plaintiff was employed as a "Maintenance Supervisor" for Defendant, working across various facilities in Jackson, Michigan for nearly a year, during which time he worked about 60 hours per week on average.

11.    Plaintiff never received overtime pay despite routinely working 20 hours in excess of 40 hours a week.

12.    Plaintiff did not exercise discretion and independent judgement with matters of significance.

13.    Plaintiff was not allowed to deviate from established policies and procedures.

14.    Plaintiff is not separately trained to perform managerial or administrative duties.

15.    Plaintiff does not schedule employees.

16.    Plaintiff does not make final hiring decisions.

17.    Plaintiff had no authority to hire or fire other employees.

18.    Plaintiff cannot set and/or adjust rates of pay and hours of work.

19.    Plaintiff's primary duties as Maintenance Supervisor did not "require advanced knowledge" defined by 29 C.F.R. § 541.301(e)(2) as "work which is predominantly intellectual in character, and which includes work requiring consistent exercise of discretion and judgment."

20.    Plaintiff performed remedial non-managerial and non-administrative job duties that could have been performed by any staff member.

21.    Plaintiff was told he was a "salary" employee, but the classification is legally untenable.

4

22.   Plaintiff worked on furnaces, built rooms, fixed plumbing issues, performed floor work, and maintained the grounds.

23.   Plaintiff was required to work approximately 4 to 5 hours on weekend performing physical labor.

24.   Plaintiff was required to flush Defendant water tower each weekend—a task that takes over an hour to complete.

25.   Many of Plaintiff's Saturdays were spent dragging a piece of railroad steel across gravel to keep it level.

26.   Plaintiff often spent extended periods of time working alone after other hourly employees clocked out to complete build-out projects for potential new tenants.

27.   Plaintiff was not required to clock in and clock out.

28.   In or about March 2021, Plaintiff discovered his timecards were thrown in the garbage.

29.   In or about April 2021, Defendant mandated Plaintiff to be "on-call."

30.   As Maintenance Supervisor, Plaintiff resided on Defendant's premises during on-call hours outside of his normal working hours so that he could be immediately available in the event he was called.

31.     Plaintiff's employment contract with Defendant described this requirement as being the "eyes and ears for [Defendant's owner] Laurice [LaZebnik] 24/7."

32.     For example, when alarm systems were triggered at any of Defendant's properties, Plaintiff was directed to answer them.

33.     This happened constantly, as one building is equipped with a faulty fire alarm and another contains a faulty boiler system.

34.     The alarm systems of Defendant were triggered so frequently and addressed so consistently by Plaintiff that the Jackson County Fire Department knows him by name.

35.     Plaintiff was called upon to provide access to realtors and engineers for the sale of buildings outside of standard working hours.

36.     Plaintiff was required to be on-call during holidays.

37.     For example, Defendant called Plaintiff on Thanksgiving to retrieve water samples.

38.     Plaintiff was required to "keep [Defendant] advised of any issues that arise" and to keep "grounds clean and clear of any trash or debris," which were 24/7 responsibilities.

39.    Ms. LaZebnik threatened Plaintiff to always answer her call, stating, "You live here, and you work here.  You do what I tell you or you'll be homeless. Do you want to live under a bridge?"

40.    Defendant required Plaintiff to report directly to Ms. LaZebnik, who is the real management authority of Defendant's properties.

41.    Plaintiff's time spent while on-call on Defendant's premises is predominantly for Defendant's benefit, and he cannot use this time for his own purposes.

42.    Plaintiff could not consume alcohol while on-call.

43.    Plaintiff therefore had an on-premises living requirement.

44.    Plaintiff received calls at an unduly restrictive frequency.

45.    Plaintiff received texts of assigned tasks from Defendant at an unduly restrictive frequency.

46.    Plaintiff could not easily trade on-call responsibilities.

47.    Plaintiff was not free to engage in most personal activities during standby periods.

48.    Therefore, Plaintiff was deprived overtime compensation for hours worked while on-call.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

49.     Plaintiff incorporates by reference the foregoing paragraphs and allegations as though fully stated herein.

50.     At all times relevant to this action, Plaintiff was an employee within the meaning of the FLSA, 29 U.S.C. § 201, *et seq*.

51.     At all times relevant to this action, Defendant was the employer of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 201, *et seq*.

52.     The FLSA, 29 U.S.C. § 207, requires employers to pay employees on and one-half (1.5) times the regular rate of pay for all hours worked over forty (40) hours per week.

53.     Plaintiff often worked more than 40 hours per week without overtime pay.

54.     Plaintiff worked outside of regularly scheduled shifts.

55.     In violation of the FLSA, Defendant failed to pay Plaintiff compensation for unpaid wages, compensable time, overtime, and vacation time.

56.     Defendant has a policy and practice of failing and refusing to pay Plaintiff for all hours worked in violation of the FLSA, 29 U.S.C. § 201, et *seq*.

57.     Defendant knew, or showed reckless disregard for the fact, that its compensation practices were in violation of these laws.

58.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 2559(a).

59.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer a loss of income and other damages.

60.     By failing to accurately record, report, and/or preserve records of hours Plaintiff worked, Defendant has failed to make, keep, and preserve records with respect to each of its employee sufficient to determine their wages, hours, and other conditions and practice of employment in violation of the FLSA, 29 U.S.C. § 201, *et seq*.

61.     As a result of Defendant's unlawful acts, Plaintiff was deprived of earned wages in amounts to be determined at trial.   Plaintiff is entitled to compensation for unpaid overtime wages, interest, liquidated damages, attorneys' fees and costs, and other remedies available at law or in equity.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Michael Belcher prays for judgment against Defendant as follows:

(A)     An award of unpaid overtime wages under the FLSA;

(B)     An award of unpaid wages for compensable hours under the FLSA;

(C)     An award of unaccrued vacation time under the FLSA;

(D)     An award of liquidated damages under the FLSA;

(E)     Interest;

(F)     Attorneys' fees and costs under the FLSA; and

(G)     Such other relief as in law or equity may pertain.

Respectfully Submitted,
HURWITZ LAW PLLC

*/s/ Noah S. Hurwitz*
Noah S. Hurwitz (P74063)
*Attorneys for Plaintiff*
617 Detroit St. Ste. 125
Ann Arbor, MI 48104
(844) 487-9489

Dated: April 4, 2022

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MICHAEL BELCHER,

     Plaintiff,                        Case No.

v.                                Hon.

COMMERCIAL EXCHANGE, INC.,

     Defendant.

---

Noah S. Hurwitz (P74063)
Grant M. Vlahopoulos (85633)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
617 Detroit St. Ste. 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com
grant@hurwitzlaw.com

---

## **DEMAND FOR TRIAL BY JURY**

NOW COMES Plaintiff Michael Belcher, by and through his attorneys, HURWITZ LAW PLLC, and hereby demands a jury trial in the above-captioned matter for all issues so triable.

                                Respectfully Submitted,
                                HURWITZ LAW PLLC

                                */s/ Noah S. Hurwitz*_____

Noah S. Hurwitz (P74063)
*Attorneys for Plaintiff*
617 Detroit St. Ste. 125
Ann Arbor, MI 48104
(844) 487-9489

Dated: April 4, 2022